UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                  :

UNITED STATES OF AMERICA
                  :

      - v. -              :

JINGBIN JIANG,
                  :

      Defendant.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   4/8/2026

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO
SPECIFIC PROPERTY/
MONEY JUDGMENT

25 Cr. 334 (MKV)

WHEREAS, on or about July 28, 2025, JINGBIN JIANG (the "Defendant"), and another, was charged in a two-count Indictment, 25 Cr. 334 (MKV) (the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); and conspiracy to commit interstate transportation of stolen property, in violation of Title 18, United States Code, Section 371 (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment;

WHEREAS, on or about July 31, 2025, the Government seized the following currency from the Defendant's residence located on Klondike Avenue, Staten Island:

    a.  $19,885 in United States currency from the living room;

    b.  $60,000 in United States currency from the hallway;

    c.  $33,910 in United States currency from a nightstand in Defendant's bedroom;

    d.  $5,366 in United States currency seized from the Defendant's bedroom;

    e.  $8,629 in United States currency seized from a bedroom;

(a. through e., collectively, the "Seized Currency");

WHEREAS, on or about July 31, 2025, a Declaration of Administrative Forfeiture was entered forfeiting the Seized Currency to the Government;

WHEREAS, on or about April 7, 2026, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), a sum of money equal to at least $10,162,729 in United States currency, representing the proceeds traceable to the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $10,162,729 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his co-defendant, Su Jian Liu (the "Co-defendant"), to the extent a forfeiture money judgment is entered against the Co-defendant for the offense charged in Count One of the Indictment, or for any other offenses charged against the Co-defendant for the same fraud scheme charged in Count One of the Indictment;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title, and interest in the following property as proceeds traceable to the offense charged in Count One of the Indictment:

a. Approximately $299,900 in USDT/Tether that was transferred by the Defendant to an FBI-controlled wallet on or about January 3, 2026;

(the "Specific Property");

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3) and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorneys Andrew K. Chan and Angela Zhu, of counsel, and the Defendant and his counsel, Joel S. Cohen, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $10,162,729 in United States currency (the "Money Judgment") shall be entered against the Defendant, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with the Co-defendant, to the extent a forfeiture money judgment is entered against the Co-defendant for the offense

3

charged in Count One of the Indictment, or for any other offenses charged against the Co-defendant for the same fraud scheme charged in Count One of the Indictment.

2.    As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title, and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, JINGBIN JIANG, and shall be deemed part of the sentence of the Defendant and shall be included in the judgment of conviction therewith.

4.    All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.    The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.    Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4

7.    Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the Seized Currency shall be applied toward the satisfaction of the Money Judgment.

8.    Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9.    The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title, or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title, and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10.    Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

5

11.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

12.    Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

13.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

14.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

15.     The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property/Money Judgment may be executed in one or more counterparts, each of which

will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____          3/26/2026
     Andrew K. Chan                                              DATE
     Angela Zhu
     Assistant United States Attorneys
     26 Federal Plaza
     New York, NY 10278
     (212) 637-1072 / -1027

JINGBIN JIANG

By: _____          4/6/26
     Jingbin Jiang                                                DATE

By: _____          4/6/26
     Joel B. Cohen, Esq.                                       DATE
     Attorney for Defendant
     80 Maiden Lane, Suite 1205
     New York, NY 10038

INTERPRETED BY:

_____                4/6/26
Name: Lily Lau                                                 DATE
Language of Interpretation:

SO ORDERED:

_____                4/7/2026
HONORABLE MARY KAY VYSKOCIL                       DATE
UNITED STATES DISTRICT JUDGE

7